IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL CASALE, :
　: 
　　Plaintiff, :
　:
　v. :
　:
TOWN OF OCEAN VIEW, :
CONWAY GREGORY, individually :
and in his official as Town Manager, : C.A. No. 12-485-RGA
GORDON E. WOOD, SR., individually :
and in his official capacity as a member :
of the Town Council, :
ROBERT R. LAWLESS, individually and :
in his official capacity as a member of the :
Town Council, :
MICHELE STEFFENS, individually :
and in her official capacity as a member of :
the Town Council, :
GEOFFREY CHRIST, :
individually and in his official capacity as a :
member of the Town Council, :
PERRY MITCHELL, individually and in his :
official capacity as a member of the Town :
Council, :
　:
　　Defendants. :

## MEMORANDUM OPINION

Charles Snyderman, Esq., Wilmington, Delaware; Attorney for Plaintiff Michael Casale.

Megan T. Mantzavinos, Esq., Wilmington, Delaware; Attorney for Defendants.

February 21, 2013
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

This is a motion to dismiss. Plaintiff Michael Casale files suit against Defendants Town of Ocean View, Conway Gregory, Gordon E. Wood, Sr., Robert R. Lawless, Michele Steffens, Geoffrey Christ, and Perry Mitchell.[1] Casale alleges that Defendants illegally terminated his employment with the Town. (D.I. 1). Casale brings four claims for recovery: (1) a section 1983 procedural due process claim; (2) a breach of the implied covenant of good faith and fair dealing claim; (3) a wrongful termination claim; and (4) a breach of contract claim. (D.I. 1, ¶¶ 29-34). Defendants now move to dismiss all of these claims for failure to state a claim.

## FACTUAL ALLEGATIONS

As this is a motion to dismiss, the following factual allegations are accepted as true and viewed in the light most favorable to Casale.

Casale was employed by the Town of Ocean View for 21 years as a maintenance worker. (D.I. 1, ¶ 1).[2] He injured his neck on February 9, 2010 while plowing snow on the job. (*Id.* at ¶ 14). The injury left him temporarily disabled and he was approved for workers' compensation. (*Id.*). He remained out of work until approximately August 18, 2010, when he received a letter from Defendant Gregory, who is the town manager, informing him that he was terminated due to unauthorized absences and the Town's need to fill his position. (*Id.* at ¶¶ 15-16). On August 23, 2010, Casale sent a letter in response to Defendant Gregory, as well as to Casale's supervisor, Defendant McMullen, along with other municipal officials. (*Id.* at ¶ 17). The letter stated that Casale had been approved for workers' compensation due to his injury and that he had continuously updated the Town in regard to his ongoing medical care. (*Id.*). The letter also

---

[1] The Town Manager and Town Council Defendants are sued in both their individual and official capacities.

[2] The proposed amended complaint (D.I. 8-1) is not materially different from the original complaint.

1

stated that Defendant McMullen was kept up to date on the situation and that no one informed Casale that his absences were considered unauthorized. (*Id.*). Finally, the letter stated that Casale intended to return to work when capable and that he contested the termination of his employment. (*Id.*).

On October 26, 2010, Casale sent another letter requesting his personnel file and any other documents relating to his discharge, as well as the dates of his alleged unauthorized absences. (*Id.* at ¶ 18). The letter stated that Casale was authorized by his doctor to return to work on November 8, 2010. (*Id.* at ¶ 19). Casale also sent "return to work" forms to the Town. (*Id.*). Two days later, Defendant McMullen circulated an email among Town employees that the Town had received Casale's return to work forms and that Casale should not be allowed on work premises should he appear. (*Id.* at ¶ 20). On November 21, 2010, Casale sent another letter repeating his request for the personnel file. (*Id.* at ¶ 21). This letter also requested a response to his previous letter, questioned his termination in light of Town Code § 28-42,[3] requested compensation for his sick leave and vacation time, and referred to his 21 years of service for the Town and the fact that he never received warning of termination. (*Id.*).

Casale received a November 30, 2010 letter in response from the Town's attorney, Dennis Schrader. (*Id.* at ¶ 22). Schrader informed Casale that he would be permitted to inspect his personnel file. (*Id.*). Schrader also represented that he would need to refer questions concerning Town Code § 28-42 to the Town's insurance carrier before providing Casale an answer. (*Id.*). Casale never received an answer concerning Town Code § 28-42. (*Id.* at ¶ 23). Casale finally received his personnel file after he sent a third request dated December 29, 2010.

---

[3] Town Code § 28-42 states that employees of the Town are eligible for workers' compensation leave and that an employee shall be allowed to remain absent from work in accordance with Delaware state laws.

(*Id.* at ¶ 24). Casale then sent a February 2, 2011 letter to Defendant Gregory stating that the file contained no supporting basis for the allegations that Casale had unauthorized absences. (*Id.* at ¶ 25). In response, Schrader sent a February 8, 2011 letter informing Casale that the Town was not required to answer questions regarding the unauthorized absences. (*Id.* at ¶ 26). After another inquiry from Casale, Defendant Schrader responded with a February 28, 2011 letter that the Town was not required to hold Casale's position open for as long as "[he] may choose to be absent," despite Defendant Schrader's knowledge that Casale's absences were not voluntary but due to injury. (*Id.* at ¶¶ 27-28).

## DISCUSSION

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

In addition, when ruling on a 12(b)(6) motion, the Court may consider the pleadings, public record, orders, exhibits attached to the Complaint, and documents incorporated into the Complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384–85 n. 2 (3d Cir. 1994).

In regard to Defendants' motion to dismiss the Section 1983 claim for a failure to provide procedural due process, Defendants first argue that Casale's claim must fail because he failed to exhaust his administrative remedies. It is true that "[b]efore bringing a claim for failure to

3

provide due process, 'a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.'" *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Defendants argue that Casale never submitted a formal grievance as required by Town Code § 28-45. According to Defendants, Casale's August 23, 2010 letter cannot be considered a formal grievance. They argue that this is because the letter does not explicitly state it is intended to serve as a grievance, as the word grievance is not mentioned in the letter, and the grievance code provision is not cited. (D.I. 9, p. 8). Additionally, Defendants argue that Casale was informed that the Town did not understand that he had filed a grievance in response to the August 23, 2010 letter and gave him explicit instruction how to do so. (*Id.*). These instructions directed Casale to "address a letter to Mr. McMullen presenting [a] grievance to him" pursuant to Town Code § 28-45(B)(2). (D.I. 7, Exh. A at 1). According to Defendants, Casale's failure to comply with these instructions means he failed to comply with the grievance process.

Town Code § 28-45(B)(2) details the manner in which a Town employee should submit a grievance: "An employee with a grievance may, within 10 working days of the cause of the grievance, present the grievance in writing to his or her department supervisor." Section 28-45(A) defines a "grievance" as "a formal written complaint…which expresses dissatisfaction concerning a condition of employment or treatment by management, supervisors, or other employees." Despite Defendants' arguments to the contrary, Casale's August 23, 2010 letter satisfies these requirements. Paragraph 17 of the Complaint alleges the following: "On August 23, 2010, plaintiff sent a letter to the Town of Ocean View and in particular, to defendant Conway Gregory, Charley McMullen, an administrative official, Gordon E. Wood, Sr., the mayor, and various members of the Town Council." (D.I. 1, ¶17). Casale's letter specifically

4

stated that "he was contesting the termination of his employment." (*Id.*). Nothing more was necessary. As Defendant McMullen was Casale's supervisor and explicitly addressed in this letter, Casale complied with the requirement that the grievance be sent to the supervisor. The fact that other individuals are also addressed is of no consequence. The fact that Casale did not explicitly use the word "grievance" does not alter the obvious intent of the letter to express dissatisfaction with his termination, which is all that is required by § 28-45(A). Any requirement that an employee use "magic words" to comply with the administrative complaint procedure must be considered overly formalistic. Finally, the Town's attorney's failure to treat the letter as a sufficient notice of grievance should not be held against Casale. For these reasons, the Court holds that Casale properly complied with administrative procedures in contesting his termination.

Defendants next argue that Casale failed to allege a constitutionally recognizable property interest as necessary to support his Section 1983 claim for a failure to provide procedural due process. To establish a procedural due process claim, the plaintiff "must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him [or her] of rights, privileges or immunities secured by the Constitution." *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1256 (3d Cir. 1994) (internal quotations and citations omitted). Where a plaintiff "claims a procedural due process violation, his claim is dependent upon the denial of a constitutionally protected property or liberty interest." *Id.* Further, where "no property or liberty interest is implicated," courts need not reach the issue of qualified immunity in deciding a motion to dismiss. *Id.* at 1262 n. 12.

Here, Casale argues that he had a recognizable property interest in his continued employment with the Town. If Casale did have such a property interest, he cannot be deprived of it without due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). To

5

have a property interest in continued employment, a person "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. Of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972); *see Elmore v. Cleary,* 399 F.3d 279, 282 (3d Cir. 2005). Property interests may be created by state or federal statute, municipal ordinance or by an express or implied contract. *Bishop v. Wood,* 426 U.S. 341, 344 (1976).

In Delaware, there is a "heavy presumption" that employment, "unless otherwise expressly stated, is at-will in nature with duration indefinite." *Bailey v. City of Wilmington,* 766 A.2d 477, 580 (Del. 2001). Casale's allegations do not rebut this "heavy presumption."

Casale argues that the circumstances of his employment created a constitutionally recognizable interest. (D.I. 8, pp. 11-12).[4] The Complaint refers to Section 28-42 of the Town Code, which provides that employees on workers' compensation may remain absent from work, and that while absent, benefits and other leave accrue as though on regular duty. (D.I. 1, ¶ 31(b)). The Complaint also refers to Section 6-1 of the Town's employment manual, which provides for disciplinary procedures, requires the severity of the disciplinary measures to be related to the seriousness of the offense, and states that dismissal is the removal of an employee "for cause," which is defined as including "repeated, unauthorized absence." Casale also alleges that Defendants knew that Casale's absences were not unauthorized. (*Id.* at ¶ 31(c)). Casale further alleges that Defendants defied the manual's requirement that department supervisors allow a grievance to be identified and offer the employee an opportunity to be heard by a decision maker prior to termination. (*Id.* at ¶ 31(d)). Finally, Casale alleges that he had a contractual interest in employment and Defendants' actions amount to a breach of this contract. (*Id.* at ¶ 34).

---

[4] Although Casale argues in his opposition brief that his property interest is contractual in nature, he also points to the Town Code to support his claim. The Court will thus analyze both the alleged statutory source as well as the alleged contract sources to determine whether a property interest existed.

6

It is true that an employment contract may create a constitutionally recognizable interest sufficient to support a Section 1983 claim. *See Bowers v. City of Wilmington*, 723 F. Supp. 2d 700, 707 (D. Del. 2010). Casale fails, however, to allege facts supporting the existence of a "termination for cause" contract between himself and the Town. An employee is not deprived of a constitutional right when he is removed from a position that was terminable at the will of his employer. *Bishop*, 426 U.S. at 348. "[A]n enforceable expectation of continued public employment ... can exist only if the employer, by statute or contract, has actually granted some form of guarantee." *Id.* at 345.

An examination of the sources relied upon by Casale reveals that the Town never guaranteed him any form of employment protection through code or contract. First, Town Code § 28-42 creates no property expectation in employment:

> A. Eligibility. All employees shall be eligible for workers' compensation leave while physically incapacitated because of an on-the-job sickness of injury covered by the Delaware Workmen's Compensation Act.
> B. Terms.
>
> ...
>
> (2) Duration. The employee shall be allowed to remain absent from work in accordance with Delaware State laws.

Section 28-42 does envision that the Town will comply with Delaware workers' compensation requirements. This, however, did not provide Casale with a general expectation of continued employment, as it does not create a "termination for cause" employment relationship, nor does it confer any property right. It instead refers to a limited Delaware state law exception to the general "at-will" rule that an employee can be fired for any reason.[5] This exception is that an

---

[5] The fact that laws provide exceptions to the default "at-will" employment relationship does not confer the employee with an expectation of continued employment, i.e., a protected property interest.

employee may not be retaliated or discriminated against for filing a workers' compensation claim. *Santora v. Red Clay Consol. Sch. Dist.*, 2012 WL 5360885, *7 (D. Del. 2012). The allegations here may be sufficient to state a claim for workers' compensation retaliation, but Town Code § 28-42 does not give rise to a positive general guarantee of continued employment. Absent such a guarantee, Casale has not alleged facts rebutting the "heavy presumption" that his employment was of an "at-will" nature. *See Bowers*, 723 F. Supp. 2d at 708. He therefore has not established a protected property interest.

The Court will next analyze Casale's argument that contract created his employment property right. "In the government context, ... employment contracts that contain a 'just cause' provision create a property interest in continued employment." *Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007). Casale alleges that certain statements within his employee manual guaranteed that he would not be terminated absent cause. (*See* D.I. 1, ¶ 31(c)). In Delaware, however, an employee manual that does not designate a specific term of employment cannot alter the employee's "at will" employment status. *Heideck v. Kent Gen. Hosp., Inc.*, 446 A.2d 1095, 1097 (Del. 1982); *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 2008 WL 399660, *4 (D. Del. 2008). Casale does not allege that the employment manual granted a specific term of employment, and therefore cannot rely on the manual as altering the "at-will" nature of his employment in contract.

Casale also argues that his allegations regarding a breach of the implied covenant of good faith and fair dealing may serve as a recognizable contractual property interest deprivation to support the procedural due process claim. Casale cites *Bowers* in support. Casale is correct that *Bowers* analyzed a claim for the breach of the implied covenant of good faith and fair dealing as possibly giving rise to the property right of expected continued employment. *See Bowers*, 723 F.

8

Supp. 2d at 709. The Court, however, cannot agree with *Bowers* in this aspect. Federal law is clear; for an employee to sustain a procedural due process claim, he must establish some expectation greater than "at-will" employment.[6] Delaware law is also clear; the establishment of the breach of the implied covenant of good faith and fair dealing does nothing to imply a "termination for cause" relationship. *See Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 102 (Del. 1992). It instead has to do with ensuring that the employer complies with a certain minimal good faith baseline in the discipline of its employees. *See id.* at 101.

In fact, when the Delaware Supreme Court first expressly recognized the breach of the implied covenant of good faith and fair dealing claim in the employment context, it spent considerable effort justifying this recognition in light of the presumed "at-will" nature of most employment relationships.[7] The Court made clear that the establishment of the claim does not by itself transform the nature of the relationship from "at-will" to "termination for cause." It instead merely creates a limited exception to an employment relationship that still must be understood as essentially "at-will" in nature. For these reasons, Casale cannot support his procedural due process claim.[8]

---

[6] The Supreme Court's following discussion is relevant: "In *Board of Regents v. Roth*, we recognized that the nonretention of an untenured college teacher might make him somewhat less attractive to other employers, but nevertheless concluded that it would stretch the concept too far 'to suggest that a person is deprived of liberty when he simply is not rehired in one job but remains as free as before to seek another.' This same conclusion applies to the discharge of a public employee whose position is terminable at the will of the employer when there is no public disclosure of the reasons for the discharge." *Bishop v. Wood*, 426 U.S. 341, 348 (1976)(internal citations omitted).

[7] "Our law provides a heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite. *See Heideck v. Kent General Hospital, Inc.*, Del.Supr., 446 A.2d 1095, 1096 (1982). Just as this presumption protects employers from being liable on the employment contract for a period beyond which future events dictate termination, the covenant of good faith, in this context, protects employees from receiving under the contract less than what was bargained for." *Id.* at 102.

[8] This does not preclude Casale from establishing an independent breach of the implied covenant of good faith and fair dealing claim.

9

The Court thus grants Defendants' motion to dismiss Casale's Section 1983 claim for a failure to provide procedural due process. The Court also holds that amendment of this claim would be futile. Indeed, Casale attached a proposed amended pleading to his opposition brief (D.I. 8-1), and his revised allegations do not change the result. In light of the recognition that the federal question claim is not viable, the Court declines to reach Defendants' motion to dismiss the state law claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and wrongful termination. Instead, the Court, pursuant to 28 U.S.C. § 1367(c)(3), will decline to exercise supplemental jurisdiction over the state law claims. The statute provides that "[t]he district court may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This is a decision that is left to the discretion of this Court. *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999). The focus of this discretion is on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity. *Id.*

These factors favor dismissal. The case is in its early stages as the parties have not yet engaged in discovery, and thus little judicial economy or convenience will be lost by requiring Casale to pursue his remaining claims in state court. There is no fairness concern, as Casale and his lawyers "knowingly risked dismissal of his pendent claims when they filed suit in federal district court and invoked the Court's discretionary supplemental jurisdiction power." *Id.* Finally, comity favors dismissal, as the state court is best positioned to consider purely state law claims. For these reasons, the Court dismisses the remaining state law claims.

An order will issue.